STATE OF NORTH CAROLINA, EX REL., WILLIAM G. ROSS, JR., SECRETARY, NORTH CAROLINA DEPARTMENT OF ENVIRONMENT AND NATURAL RESOURCES, PLAINTIFF-APPELLEE v. RONALD GOLD OVERCASH, DEFENDANT-APPELLANT,

No. COA09-318

(Filed 16 February 2010)

**Statutes of Limitation and Repose— collection of payment of civil penalty—three years—final agency decision**

    The trial court did not err in granting summary judgment in favor of plaintiff North Carolina Department of Environment and Natural Resources in an action to collect payment of a civil penalty assessed against defendant for his failure to apply for a 401 Water Quality Certification before making various alterations. The three-year statute of limitations period began to run 30 days after the agency sent defendant a letter outlining his three options for responding to the imposition of the penalty, and the action was filed within three years of that date.

Appeal by defendant from order entered 8 December 2008 by Judge Clarence E. Horton, Jr., in Cabarrus County Superior Court. Heard in the Court of Appeals 29 September 2009.

*Attorney General Roy Cooper, by Assistant Attorney General Brenda Menard, for the State.*

*Ferguson, Scarbrough, Hayes, Hawkins & DeMay, P.A., by James R. DeMay, for defendant-appellant.*

ELMORE, Judge.

On 14 August 2003, the Department of Environment and Natural Resources (DENR) assessed a civil penalty against Ronald Gold Overcash (defendant) totaling $9,519.84 due to his failure to apply for a 401 Water Quality Certification before making various alterations, such as piping and grading, to a stream on his land. On 15 August 2003, DENR sent defendant a letter via certified mail notifying him of the penalty and outlining his three options for response: (1) submit payment of the penalty; (2) submit a written request for remission of the penalty; or (3) file a petition for an administrative hearing with the Office of Administrative Hearings. That letter was received by defendant on 21 August 2003.

The parties disagree as to whether defendant wrote plaintiff to dispute the claim; regardless, plaintiff sent defendant another letter on 17 June 2004 demanding payment within ten days of receipt of the letter. Defendant discussed a payment plan with an employee of plaintiff; whether such a plan was agreed upon is also the subject of dispute. On 8 September 2006, plaintiff instigated this suit to enforce collection of the penalty. Plaintiff moved for summary judgment on 19 November 2008, and that motion was granted on 8 December 2008. Defendant appeals.

Defendant's sole argument on appeal is that the trial court erred in granting summary judgment because this action was initiated outside the three-year statute of limitations on such claims. We disagree.

The statute pursuant to which the suit was instigated is N.C. Gen. Stat. § 143-215.6A(g) (2007), which states:

If any civil penalty has not been paid within 30 days after notice of assessment has been served on the violator, the Secretary shall request the Attorney General to institute a civil action in the Superior Court of any county in which the violator resides or has his or its principal place of business to recover the amount of the assessment, unless the violator contests the assessment as provided in subsection (d) of this section, or requests remission of the assessment in whole or in part as provided in subsection (f) of this section. If any civil penalty has not been paid within 30 days after the final agency decision or court order has been served on the violator, the Secretary shall request the Attorney General to institute a civil action in the Superior Court of any county in which the violator resides or has his or its principal place of business to recover the amount of the assessment.

*Such civil actions must be filed within three years of the date the final agency decision or court order was served on the violator.*

(emphasis added). As stated above, this action was instigated on 8 September 2006. The dispute is when the three-year statute of limitations began to run: Defendant argues that it began on 21 August 2003, the date he received the letter from plaintiff outlining his three options for responding to the imposition of the penalty, because, he argues, that is the only date that could be considered "the date the final agency decision or court order was served on the violator" per the statute. Plaintiff argues that it did not begin until thirty days later, when defendant's options to challenge the imposition of the penalty ended. We agree with plaintiff and thus affirm the order of the trial court.

In interpreting a statute, this Court will first look to the plain language of the statute; if its meaning is clear from such a reading, we will look no further. *State v. Jackson*, 353 N.C. 495, 501, 546 S.E.2d 570, 574 (2001) ("When the language of a statute is clear and unambiguous, there is no room for judicial construction and the courts must give the statute its plain and definite meaning, and are without power to interpolate, or superimpose, provisions and limitations not contained therein.") (quotations and citation omitted). The plain meaning of the phrase "the final agency decision" clearly signifies a decision of the agency that is no longer under review or able to be challenged. The letter sent to defendant notifying him of the penalty assessed against him does not qualify as such a decision. As stated above, it gives defendant three options in a numbered list and apparently presented as three equal choices: pay the penalty, submit a request for remission of the amount of the penalty, or file a petition for a hearing on the violation that resulted in the penalty. Given that a full two pages of the three-page letter are taken up by explanations of defendant's options other than complying, this Court is hard pressed to accept defendant's analogy of the letter to a trial court's final order or judgment. As is well illustrated in the Superior Court's order granting summary judgment in this case, final orders and judgments from our trial courts do not come with instructions on how to overcome, reverse, or circumvent them.

Defendant urges this Court to focus not on the "final" requirement of the statute but rather the date of service requirement—that is, to find that, regardless of whether the letter was a final decision, the key requirement is the date the letter was served. This we decline

to do. Defendant was served with a letter stating a penalty, outlining his options for appealing the penalty, and giving a clear date on which the penalty would no longer be appealable. That date constitutes the final decision of the agency, regardless of when the letter was delivered, and it is that date that initiated the running of the statute of limitations. As such, the State filed the instant suit within the required time frame, and thus the trial court did not err in granting the State's motion for summary judgment.

Affirmed.

Judges WYNN and CALABRIA concur.